METROPOLITAN TRANSPORTATION AUTHORITY, Plaintiff, *v.* CITY OF NEW YORK, Defendant.

First Department, February 27, 1975.

*Robert S. Rifkind* of counsel (*James C. Hansen* and *Stephen A. Oxman* with him on the brief; *Cravath, Swaine & Moore,* attorneys), for plaintiff.

*Alexander Gigante, Jr.,* of counsel (*Gary Mailman* and *L. Kevin Sherdian* with him on the brief; *Adrian P. Burke, Corporation Counsel*), for defendant.

**Per Curiam.** This is a submission of a controversy upon an agreed statement of facts pursuant to CPLR 3222.

Plaintiff, Metropolitan Transportation Authority, and defendant, the City of New York, seek a declaration, each in its favor, concerning the inclusion, in the total costs for the operation, maintenance and use of the passenger stations of the West End Service located within the City of New York (i.e., Grand Central and the 125th Street Station) of income from concession revenues at Grand Central, real estate income from property along Park Avenue and that portion of the contribution of the Connecticut Transportaton Authority toward the operating deficit of the West End Service which is allocable to the operation of the two stations. The controversy covers the period January 1, 1971 to March 31, 1973, as certified by the plaintiff pursuant to section 1277 of the Public Authorities Law. The city contends that in determining the " total " cost of station operation, maintenance and use, Metropolitan Transportation Authority is required by section 1277 to subtract from the costs the aforesaid enumerated items of income characterized by the city as " cost reduction factors ". Plaintiff contends that " total costs "

under said section 1277 encompasses the entire expenditure without reduction for any revenues.

In a previous submission by these parties, this court, as pertinent to the case at bar, held that in determining total costs of Long Island Rail Road stations, net revenues realized from concessions and rentals, after deduction of expenses in obtaining those revenues, and red cap revenues should reduce the certifiable costs of station operation, maintenance and use. (*Metropolitan Transp. Auth.* v. *City of New York,* 32 A D 2d 197.) The Court of Appeals reversed, stressing that section 1277 provides the certification of "total" costs and that the revenues from concessions, rentals and red cap tariffs should not be deducted from the over-all costs of station operation, maintenance and use. (26 N Y 2d 817.) This decision seems to us to be applicable to the controversy submitted herein and dispositive thereof.

Judgment should be granted declaring that the plaintiff, Metropolitan Transportation Authority, acted within the scope of section 1277 of the Public Authorities Law in making its certification to the defendant, the City of New York, for total costs on June 1, 1971, June 1, 1972 and June 1, 1973 without diminishing the certified total costs by the amount of the contribution of the Connecticut Transportation Authority, nor by the amounts of revenues received from concessions in Grand Central Terminal or from real estate operations. No costs are awarded.

Submit judgment on notice.

MARKEWICH, J. P., MURPHY, CAPOZZOLI, LANE and NUNEZ, JJ., concur.

Submission of controversy pursuant to CPLR 3222. Judgment unanimously granted declaring that the plaintiff, Metropolitan Transportation Authority, acted within the scope of section 1277 of the Public Authorities Law in making its certification to the defendant, the City of New York, for total costs on June 1, 1971, June 1, 1972 and June 1, 1973, without diminishing the certified total costs by the amount of the contribution of the Connecticut Transportation Authority, nor by the amounts of revenues received from concessions in Grand Central Terminal or from real estate operations, without costs and without disbursements.

Settle judgment on notice.